William C. Hecht, Jr., J.
On December 12, 1950 (American) Lumbermens Mutual Casualty Company of Illinois obtained a judgment in this State against the Great Atlantic Construction Corporation in sum of $7,565.40. Great Atlantic had agreed with the City of New York on or about November 21, 1947, to perform certain construction work for the city. Performance of the contract by Great Atlantic was guaranteed under the performance bond issued by Seaboard Surety Company on or about November 21, 1947. Great Atlantic defaulted on its contract with the city in May of 1949. Seaboard thereupon completed. On May 5, 1949, at or near the time of Great Atlantic’s default, it assigned all moneys due from the city to its surety, Seaboard. This assignment was filed on May 6,1949, *492 and is in addition to the assignment contained in the indemnity agreement of November 21, 1947, between Great Atlantic and Seaboard. While engaged in completing the work under Great Atlantic’s contract the city paid contract installments to Seaboard as Great Atlantic’s assignee. The work was completed in February, 1951. The city withheld the sum of $1,050 at completion, of this $750 was security for paving work and $300 for tile work. In October, 1952, the city paid Seaboard $750 and as of September 30, 1954 indicated its willingness to pay the balance of $300. On July 29, 1953, however, a subpoena with a restraining provision issued in supplementary proceedings and was served on the city. The proceedings in question were supplementary to Lumbermens judgment. The claims on which this judgment was obtained did not arise out of the contract under which the fund attached was earned. Seaboard’s cost in completing the contract was approximately $5,000 in excess of the amounts received. An action is pending, however, in connection with this same contract wherein Seaboard seeks to recover from the city in the approximate sum of $47,000 for extra work. On these papers it does not appear whether or not the claim for extras arose out of work done before or after Great Atlantic’s default.
On this application Seaboard would have the subpoena vacated. Seaboard, although described herein as assignee of Great Atlantic, is the latter’s subrogee. Its rights as such arose as of the date of issuance of its indemnity agreement. (Scarsdale Nat. Bank & Trust Co. v. United States Fidelity & Guar. Co., 264 N. Y. 159, 164.) As matters stand the work has been finished at a loss. There is no surplus fund above the claims of lienors and subrogors which would or might be the property of Great Atlantic. Until such a fund comes into existence Lumbermens, a nonliening creditor, cannot reach any part of the fund insufficient to meet the claims of lienors and subrogees (United States Fidelity & Guar. Co. v. Triborough Bridge Auth., 297 N. Y. 31.) The motion is therefore granted. Settle order.